IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KARL DUANE GROSS                                                                PLAINTIFF

V.                          CASE NO. 5:19-cv-05003

SHERIFF HOLLOWAY, Benton County,
Arkansas; DEPUTY KOHLER; DEPUTY
MEADOWS; JOHN DOE DEFENDANTS, fellow
shift co-workers of Deputy Meadows; NURSE
JESSIE; and DEPUTY SKAGGS                                                       DEFENDANTS

## OPINION AND ORDER

Karl Duane Gross, currently an inmate of the Benton County Detention Center ("BCDC"), has filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff has named as Defendants Sheriff Holloway, Deputy Kohler, Deputy Meadows, Nurse Jessie, Deputy Skaggs, and the John Doe co-workers of Deputy Meadows.

Plaintiff's Complaint (Doc. 1) is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Complaint, on December 13, 2018, Plaintiff alleges that he was denied a mat to sleep on and instead given what is referred to as a

1

"suicide blanket." He identifies the Defendants involved as Deputy Meadows and his "fellow shift co-workers." Plaintiff alleges he was told later that there were mats in the supply closet. Plaintiff contends that because he slept on the concrete floor with only a suicide blanket for padding, his tail bone, elbows, hips, and shoulders were bruised.

Next, Plaintiff alleges he was denied immediate medical attention on December 21, 2018, by Nurse Jessie and Deputy Skaggs. Plaintiff states he went to nurse call and "presented [his] eye to nurse and deputy and they both seemed to not care [he] had an inflamed bleeding bloodshot eye." He was told to put in a medical request. Plaintiff believed it was an "emergency due to [his] to it being [his] sight at risk." On an attachment to his Complaint, Plaintiff asserted that as of December 26, 2018, he was still suffering from loss of vision, infection, severe pain, and inflammation.

Finally, Plaintiff alleges that on December 22, 2018, at 10:00 am, Deputy Kohler openly "disrespected" Plaintiff "in front of his co-workers." Specifically, Plaintiff alleges Deputy Kohler humiliated him in connection with his last name. Plaintiff alleges Deputy Kohler would not allow him to be placed back in his housing unit until Deputy Kohler was "satisfied with [Plaintiff's] public humiliation."

Plaintiff also alleges that Deputies Kohler and Skaggs "disrespected" him and slandered him because his last name is Gross, and his eye looked "gross." He states he was in severe pain while they were making fun of him.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it

contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). Section 1983 creates no substantive rights but prohibits the deprivation of rights established by the United States Constitution or federal laws. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a claim, plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights" *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation omitted).

#### 1. Sleeping on the Floor

Plaintiff alleges he was forced to sleep on the concrete floor with only a "suicide

blanket" for a single night. This allegation does not state a cognizable claim under § 1983. *See, e.g., Hamilton v. Mauldin,* 2015 WL 898080, at *2 (W.D. Ark. Mar. 3, 2015) (requiring inmate to sleep on floor without a mattress and with only a blanket and two sheets for seven or eight nights not a constitutional violation) (citing *O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 84 (8th Cir. 1996) (inmate forced to spend four days sleeping on a concrete slab without a blanket or mattress did not state a constitutional violation)); *Williams v. Delo,* 49 F.3d 442 (8th Cir.1995) (holding that four days without water, a mattress, bedding, clothing, legal mail, or hygienic supplies did not violate the Eighth Amendment); *see also Desroche v. Strain,* 507 F. Supp. 2d 571, 579–80 (E.D. La. 2007) (sleeping on the floor in a crowded holding tank for ten days failed to state a constitutional violation because the conditions were temporary and the short duration did not result in sufficiently serious conditions posing a substantial risk of serious harm to the inmate) (citation omitted)). Accordingly, this claim is subject to dismissal.

### 2. Denial of Medical Care

"Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Crooks v. Nix,* 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). The Eighth Amendment's deliberate indifference standard applies to all denial of medical care claims. *Carpenter v. Gage,* 686 F.3d 644, 650 (8th Cir. 2012). The deliberate indifference standard has both an objective and a subjective component. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997).

"An objectively serious medical need is one that either has been diagnosed by a

physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minn. Dep't of Corrs.*, 512 F.3d 478, 481 (8th Cir. 2008) (internal quotation marks and citation omitted).

To prevail on his claim, Plaintiff must demonstrate that: (1) he suffered an objectively serious medical need; and (2) the defendant actually knew of the medical need but, subjectively, was deliberately indifferent to it. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation marks and citation omitted). The deliberate indifference standard is not met by the exercise of professional judgment in refusing to implement an inmate's requested course of treatment. *Vaughn v. Gray*, 557 F.3d 904, 908-09 (8th Cir. 2009).

Here, Plaintiff's claim is that his medical condition should have been treated on an emergency basis. It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)(internal citation omitted). An inmate being "unhappy with the characterization of his [medical condition] as a non-emergency . . . does not convert his claim to one of constitutional dimension." *Dunn v. Wyndham, et al.*, 2019 WL 923799, * 7 (W.D. Ark. Feb. 5, 2019). Accordingly, this claim is subject to dismissal.

### 3. Slander, Defamation, Humiliation

Slander, defamation, and humiliation, while unprofessional and distasteful conduct, do not state constitutional violations. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the "Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

Similarly, "[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Taunts, name calling, and the use of offensive language do not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983). This claim is therefore subject to dismissal.

### 4. Sheriff Holloway

With respect to Sheriff Holloway, there are no allegations he was personally involved in any of the conduct that is subject to the Plaintiff's claims or even knew of such conduct. "To establish personal liability of [a] supervisory defendant[], the plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)

(internal punctuation marks and citation omitted). Here, Plaintiff has made no such allegations. No individual capacity claim is stated against Sheriff Holloway.

### 5. Official Capacity Liability

An official capacity claim against Defendants is the equivalent of a claim against the municipal entity who employs them, here Benton County. *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). With respect to Benton County, Plaintiff must allege the existence of a custom or policy that was the moving force behind the alleged constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff has made no such allegation. No official capacity claim has been stated.

## IV. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The Clerk is directed to enter a § 1915(g) strike flag on this case.

**IT IS SO ORDERED** on this 5th day of March, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE